ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
darrenr@rgrdlaw.com
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Local Counsel for Proposed Lead Plaintiff

MOTLEY RICE LLC
GREGG S. LEVIN
CHRISTOPHER F. MORIARTY
28 Bridgeside Boulevard
Mount Pleasant, SC  29464
Telephone:  843/216-9000
glevin@motleyrice.com
cmoriarty@motleyrice.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIC TUCKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., et al., <br><br> Defendants. | Case No. 5:25-cv-05197-NW <br><br> **CLASS ACTION** <br><br> NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> DATE:    December 3, 2025 <br> TIME:    9:00 a.m. <br> CTRM:   3, 5th Floor <br> JUDGE:  Hon. Noël Wise |

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW - 1 -
4934-1721-9424.v1

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on December 3, 2025, at 9:00 a.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Noël Wise, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, CA 95113, KBC Asset Management NV ("KBC") will move this Court for entry of an Order: (i) consolidating the related securities class actions captioned *Tucker v. Apple Inc.*, No. 5:25-cv-05197 (N.D. Cal.) (filed June 20, 2025) and *City of Coral Springs Police Officers' Pension Plan v. Apple Inc.*, No. 3:25-cv-06252 (N.D. Cal.) (filed July 25, 2025); (ii) appointing KBC as lead plaintiff; and (iii) approving KBC's selection of Motley Rice LLC ("Motley Rice") as lead counsel.

This Motion is made on the grounds that the related actions allege substantially similar facts and raise identical legal issues, and KBC is the most adequate plaintiff to serve as lead plaintiff in the consolidated action. In support of this Motion, KBC submits herewith a Memorandum of Points and Authorities and the Declaration of Darren J. Robbins ("Robbins Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Two related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of all purchasers of Apple Inc. ("Apple" or the "Company") securities between June 10, 2024 and June 9, 2025, inclusive (the "Class Period").[1] The complaints allege similar claims against identical defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* 15 U.S.C. §78u-

---

[1]   The Related Actions are *Tucker v. Apple Inc.*, No. 5:25-cv-05197 (N.D. Cal.) (filed June 20, 2025) and *City of Coral Springs Police Officers' Pension Plan v. Apple Inc.*, No. 3:25-cv-06252 (N.D. Cal.) (filed July 25, 2025). Pursuant to Civil L.R. 3-7(c), KBC has reviewed a complaint filed in this action and adopts its allegations.

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW
4934-1721-9424.v1

- 2 -

4(a)(3)(B)(ii). As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, KBC should be appointed lead plaintiff because it filed a timely Motion, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u 4(a)(3)(B)(iii). In addition, KBC's selection of Motley Rice to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the Related Actions pursuant to Federal Rule of Civil Procedure 42;

2. Whether the Court should appoint KBC as lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3. Whether the Court should approve KBC's selection of Motley Rice as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

Apple designs and manufactures smart devices and computers, and also engages in the entertainment and artificial intelligence ("AI") industries. ECF 1 at ¶2.[2] Apple's common stock trades on the NASDAQ under the ticker symbol "AAPL." *Id.* at ¶23.

The complaints allege that throughout the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (i) Apple misstated the time it would take to integrate the advanced AI-based Siri features into its devices; (ii) accordingly, it was highly unlikely

---

[2] References to "ECF 1" are to the first-filed complaint captioned *Tucker v. Apple Inc.,* No. 5:25-cv-05197 (N.D. Cal.).

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW
4934-1721-9424.v1

- 3 -

that these features would be available for the iPhone 16; (iii) the lack of such advanced AI-based features would hurt iPhone 16 sales; and (iv) as a result, Apple's business and/or financial prospects were overstated.

The truth began to be revealed to investors on March 7, 2025, when Apple announced it was indefinitely delaying the promised Siri updates, with a spokeswoman stating it was taking "longer [to deliver] than [the Company] thought." *Id*. at ¶7. Apple subsequently stopped running advertisements promoting the features. On this news, Apple's stock price declined nearly 5%. *Id.* at ¶8.

Then, on March 12, 2025, a Morgan Stanley report lowered its price target on Apple, attributing the change to the Siri delay's expected impact on iPhone upgrade cycles. *Id.* at ¶9. On this news, Apple's stock price suffered an additional decline of more than 5% over the next two trading sessions. *Id.* at ¶10.

Following a critical *Wall Street Journal* article on April 3, 2025, and a "disappointing" 2025 WWDC on June 9, 2025, where no new Siri updates were announced, the Company's stock experienced further declines. *Id*. at ¶¶11-14.

IV.  **ARGUMENT**

    A.  **The Related Actions Should be Consolidated**

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a).

Here, the Related Actions each assert claims on behalf of purchasers of Apple securities during identical periods against the same defendants for alleged violations of the federal securities laws stemming from the same wrongdoing. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. *See generally Sayce v. Forescout Techs., Inc.*, 2020 WL 4207444, at *3 (N.D. Cal. July 22, 2020) ("'Differences in class periods, parties, or damages among

the suits do not necessarily defeat consolidation, so long as the essential claims and facts alleged in each case are similar.'") (citation omitted).

### B. KBC Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on June 20, 2025 via *ACCESS Newswire*. See Robbins Decl., Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . . ;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). KBC meets these requirements and should therefore be appointed as Lead Plaintiff.

#### 1. This Motion Is Timely

The June 20, 2025 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by August 19, 2025. *See* Robbins Decl., Ex. A. Because KBC's Motion has been timely filed, it is eligible for appointment as lead plaintiff.

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW - 5 -

4934-1721-9424.v1

### 2. KBC Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, KBC's funds suffered approximately $42.9 million in losses under the first-in, first-out methodology (or roughly $19.3 million under the last-in, first-out methodology), as a result of defendants' alleged misconduct pursuant to the Exchange Act. *See* Robbins Decl., Exs. B, C; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005). To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, KBC satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. KBC Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'" *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (citation omitted). Here, like all other class members, KBC's funds purchased Apple common stock at allegedly inflated prices and suffered damages when defendants' alleged misconduct was revealed. Robbins Decl., Exs. B, C. "The typicality requirement thus appears to be satisfied because [KBC's] claims arise 'from the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Lloyd*, 2011 WL 13128303, at *6 (citation omitted).

KBC also has demonstrated that it possesses standing to assert these claims on behalf of its funds.  KBC serves as the management company for KBC Equity Fund NV and Plato Institutional Index Fund NV, and, during the Class Period, those funds purchased, and held legal title to, the Apple securities on which they incurred substantial losses.  Prior to filing this Motion, KBC obtained a valid assignment of claims from each of these funds.  *See* Robbins Decl., Ex. D; *see also Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").  The assignments in *Chegg* (as well as in numerous other cases in which KBC has been appointed as lead plaintiff and class representative) are identical to those obtained here.  KBC also has authority to represent its funds in class actions under the terms of the funds' management agreements with KBC.  The management agreements between: (i) KBC and KBC Equity Fund NV; and (ii) KBC and Plato Institutional Index Fund NV each provide (at Clause 2.2.2) that the funds (known as "BEVEKs") authorize the "Management Company" (KBC) to "participat[e] in *class actions* or the commencement of an individual action" on their behalf.  *See* Exs. E and F at ¶2.2.2.  Against this background, courts throughout the country have repeatedly appointed KBC as lead plaintiff or class representative after finding that it possessed standing to assert the claims at issue.  *See, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as a co-class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017) (appointing KBC as sole class representative on same standing basis as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard").  KBC also has standing to represent its funds under the so-called prudential exception.  That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party; and (2) a barrier to the injured party's ability to assert its own interests."  *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008).  KBC has a close relationship to its funds,

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW - 7 -
4934-1721-9424.v1

KBC also has demonstrated that it possesses standing to assert these claims on behalf of its funds.  KBC serves as the management company for KBC Equity Fund NV and Plato Institutional Index Fund NV, and, during the Class Period, those funds purchased, and held legal title to, the Apple securities on which they incurred substantial losses.  Prior to filing this Motion, KBC obtained a valid assignment of claims from each of these funds.  *See* Robbins Decl., Ex. D; *see also Leventhal v. Chegg, Inc.*, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").  The assignments in *Chegg* (as well as in numerous other cases in which KBC has been appointed as lead plaintiff and class representative) are identical to those obtained here.  KBC also has authority to represent its funds in class actions under the terms of the funds' management agreements with KBC.  The management agreements between: (i) KBC and KBC Equity Fund NV; and (ii) KBC and Plato Institutional Index Fund NV each provide (at Clause 2.2.2) that the funds (known as "BEVEKs") authorize the "Management Company" (KBC) to "participat[e] in *class actions* or the commencement of an individual action" on their behalf.  *See* Exs. E and F at ¶2.2.2.  Against this background, courts throughout the country have repeatedly appointed KBC as lead plaintiff or class representative after finding that it possessed standing to assert the claims at issue.  *See, e.g.*, *In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as a co-class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017) (appointing KBC as sole class representative on same standing basis as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard").  KBC also has standing to represent its funds under the so-called prudential exception.  That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party; and (2) a barrier to the injured party's ability to assert its own interests."  *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008).  KBC has a close relationship to its funds,

as evidenced by the fact it serves as their management company, and there is a barrier to the funds asserting the claims given they have contracted with KBC to do precisely that.

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Lloyd*, 2011 WL 13128303, at *6 (citation omitted). Here, KBC's substantial stake in the outcome of the case indicates that it has the requisite incentive to vigorously represent the class's claims.

Further, any Court-appointed lead plaintiff must have sufficient resources and experience to play a meaningful role in managing the litigation and supervising counsel. KBC is a sophisticated institutional investor based in Brussels, Belgium that manages more than €200 billion in assets. KBC is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

Finally, KBC has selected qualified counsel to represent them and the putative class. *See* §IV.C., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because KBC filed a timely Motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

V.     **THE COURT SHOULD APPROVE KBC'S SELECTION OF COUNSEL**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW
4934-1721-9424.v1

- 8 -

703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, KBC has selected Motley Rice as lead counsel.[3]

Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions. The Firm's experience in the prosecution of securities class actions is derived from, among other things, its service as lead counsel in *In re Twitter, Inc. Sec. Litig.*, No. 4:16-cv-05314 (N.D. Cal.) ($809.5 million recovery); *In re Barrick Gold Sec. Litig.*, No. 1:13-cv-03851-RPP (S.D.N.Y.) ($140 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.) ($131 million recovery); and *Boston Ret. Sys. v. Alexion Pharms., Inc.*, No. 3:16-cv-02127 (AWT) (D. Conn.) ($125 million recovery). Given that Motley Rice and KBC have successfully prosecuted several securities fraud class actions together, including *Twitter*, the proposed class could not be in better hands.

KBC's proposed local counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), a nearly 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts in this District and throughout the country have noted Robbins Geller's reputation for excellence and appointed Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. In just the last year, lead plaintiffs represented by Robbins Geller as lead counsel have obtained approval of securities class action settlements of more than $1 billion in this District, including a $490 million securities class action recovery obtained on behalf of investors of Apple. *See, e.g.*, *In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR, ECF 445 (N.D. Cal. Sept. 18, 2024).[4] The recovery in *Apple* was the largest U.S.

---

[3] For a detailed description of proposed lead counsel's track record, resources, and attorneys, please *see* https://www.motleyrice.com/. Paper copies of the Firm's resume is available upon the Court's request, if preferred.

[4] In addition, Robbins Geller has obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*,

securities class action recovery of 2024 and the third-largest securities class action recovery ever in this District. The case received sustained attention from tech and legal industry experts worldwide.[5]

Moreover, Motley Rice and Robbins Geller have a long history of successfully prosecuting securities class actions together, including: *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040 (S.D.N.Y.) ($1.025 billion recovery); *Twitter* ($809.5 million recovery); *Jones v. Pfizer*, No. 1:10-cv-03864 (S.D.N.Y.) ($400 million recovery); *Barrick Gold* ($140 million recovery); and *Sprint Nextel* ($131 million recovery). Indeed, late last year, the two firms worked together to successfully resolve a securities fraud class action captioned *In re Under Armour Sec. Litig.*, No. 1:17-cv-00388 (D. Md.), for $434 million, just weeks before trial. *See also W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 287 (D. Minn. 2018) ("Plaintiffs' counsel – lawyers from Robbins Geller Rudman & Dowd LLP and Motley Rice LLC – is well-qualified to serve as class counsel in this case. First, the filings in this case demonstrate that counsel has sufficiently investigated and identified potential claims in this case. . . . Second, counsel has experience serving as class counsel in other disputes. . . . Third, counsel has demonstrated in this case and others that they have significant knowledge of securities law. . . . Finally, the Court is

---

No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

[5] *See, e.g.*, Ross Todd, Litigators of the Week: *Robbins Geller Lands $490M Securities Settlement in Case Over Apple's Prospects in China*, The AmLaw Litigation Daily (Oct. 15, 2024), https://www.law.com/litigationdaily/2024/10/15/litigators-of-the-week-robbins-geller-lands-490m-securities-settlement-in-case-over-apples-prospects-in-china/; Joseph De Avila, *Apple to Pay $490 Million to Settle Lawsuit Over Tim Cook's China Comments*, Wall St. J. (Mar. 15, 2024), https://www.wsj.com/tech/apple-to-pay-490-million-to-settle-lawsuit-over-tim-cooks-china-comments-43a85a06; Jonathan Ames, *Norfolk humbles the mighty Apple with £380m pension fund win*, The Times (Mar. 15, 2024). https://www.thetimes.com/uk/article/norfolk-pension-fund-wins-multimillion-dollar-settlement-with-apple-jh6fnmzpl

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW - 10 -
4934-1721-9424.v1

persuaded that counsel has sufficient resources to serve as class counsel in this case.") (citations omitted). Accordingly, the Court should approve KBC's selection of counsel for the putative class. *See D'Agostino v. Innodata, Inc.*, 2024 WL 4615728, at *5 (D.N.J. Oct. 30, 2024) ("[The movant's] chosen law firms have prosecuted numerous securities fraud class actions on behalf of investors. . . . After reviewing the firms' resumes, the Court finds that both firms have substantial experience litigating securities fraud class actions and are thus 'competent to fulfill the duties of lead counsel.'") (citation omitted).

Based upon its counsel's extensive experience and proven track record in securities class actions, KBC's selection of counsel is reasonable and should be approved.

## VI.   CONCLUSION

The Related Actions involve common factual and legal questions and should be consolidated. In addition, KBC has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, KBC respectfully requests that the Court grant its Motion for consolidation, appointment as lead plaintiff, and approval of its selection of lead counsel.

DATED: August 19, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
MICHAEL A. TRONCOSO (221180)
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)

        s/ Darren J. Robbins
      DARREN J. ROBBINS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
darrenr@rgrdlaw.com
mtroncoso@rgrdlaw.com
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

| | |
|---|---|
| 1 | |
| 2 | ROBBINS GELLER RUDMAN <br> & DOWD LLP <br> SHAWN A. WILLIAMS |
| 3 | Post Montgomery Center <br> One Montgomery Street, Suite 1800 |
| 4 | San Francisco, CA  94104 <br> Telephone:  415/288-4545 |
| 5 | shawnw@rgrdlaw.com |
| 6 | Local Counsel for Proposed Lead Plaintiff |
| 7 | MOTLEY RICE LLC <br> GREGG S. LEVIN |
| 8 | CHRISTOPHER F. MORIARTY <br> 28 Bridgeside Boulevard |
| 9 | Mount Pleasant, SC  29464 <br> Telephone:  843/216-9000 |
| 10 | glevin@motleyrice.com <br> cmoriarty@motleyrice.com |
| 11 | |
| 12 | Proposed Lead Counsel for Proposed Lead Plaintiff |

NOTICE OF MOTION & MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF P'S & A'S IN SUPPORT THEREOF- 5:25-cv-05197-NW - 12 -

4934-1721-9424.v1